**JOHN J. CURLEY LLC**
Harborside Financial Center
1202 Plaza Ten
Jersey City, NJ  07311
Telephone : (201) 217-0700
Email: JBogdanski@curlaw.com
Attorneys for Defendant Robert Rohdie

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN SKOLNICK and SUSAN SKOLNICK,<br><br>Plaintiffs,<br><br>v.<br><br>TARRAGON CORP., TARRAGON REALTY INVESTORS, INC., 1200 GRAND STREET URBAN RENEWAL, LLC., URSA DEVELOPMENT GROUP, L.L.C., FRANK RAIA, WILLIAM FRIEDMAN, ROBERT RHODIE, MICHAEL SCIARRA, MARK SETTEMBRE, TODD SCHEFLER, BETH FISHER, GARY LOWITT, ALYSSA ROHDIE, JILL KAPLAN, TAMAR ROTHENBERG and XYZ CORPS. (1-10),<br><br>Defendants. | Civil Action No.<br><br>**PETITION FOR REMOVAL BY ROBERT RHODIE PURSUANT TO 28 U.S.C. §1452(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027 TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>**No Hearing Required** |
| CHERLY ABRAMSON, TODD ABRAMSON, JUDITH ANDERSON, MYRON WEINER, KIM BLACKMORE, MONICA DATTA, KIM DEROSA, BRIAN DUIS, TODD MILLER, BRIAN FINNEY, RICK GYAN, SARA GERRY, PATRICK HEALEY, LINCOLN HOCHBERG, ROBERT HOLZBERG, MICHAEL KATSAROS, JAMES LAKE, ERIKA LAKE, BRADFORD LERMAN, SHAHID MALIK, DAVID MISSIG, LORI MISSIG F/K/A LORI PETILLO, JANINE O'BRIEN, STEPHANIE PETILLO, RYAN PRYOR, KYLA PRYOR F/K/A KYLA DEMARZIO, HARLA SECKULAR, DARREN SIKORSKI, JORDAN SILBERBERG, JUSTIN SILBERBERG, MANISHA VARSANI, STEVE WARJANKA, LARA WARJANKA and JAMES WEINBERG, | |

|  |  |
|---|---|
| Plaintiffs, | |
| v. | |
| TARRAGON CORP., TARRAGON REALTY INVESTORS, INC., 1200 GRAND STREET URBAN RENEWAL, LLC, URSA DEVELOPMENT GROUP, L.L.C., GRAND BANK, NATIONAL ASSOCIATION, UPPER GRAND REALTY, LLC, WILLIAM FRIEDMAN, ROBERT RHODIE, MICHAEL SCIARRA, MARK SETTEMBRE, TODD SCHEFLER, BETH FISHER, GARY LOWITT, ALYSSA ROHDIE, JILL KAPLAN, TAMAR ROTHENBERG, FRANK RAIA, DAVID METZHEISER, MICHELE RUSSO, TIMOTHY MALONEY and XYZ CORPS. (1-10), | |
| Defendants. | |

**TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendant Robert Rhodie ("Defendant") hereby files this petition to remove the State

Court Action (as defined below) from the Superior Court of New Jersey, Hudson County, Law

Division to the United States District Court for the District of New Jersey, for referral to the

United States Bankruptcy Court for the District of New Jersey, and respectfully represent as

follows:

**STATEMENT OF FACTS ENTITLING DEFENDANTS
TO REMOVE THE STATE COURT ACTION**

1.    On April 16, 2009, Plaintiffs Martin Skolnick and Susan Skolnick

("Plaintiffs") filed a Second Amended Complaint in the Superior Court of New Jersey, Hudson

County, Law Division, Docket No. HUD-L-4707-07, entitled <u>Martin Skolnick and Susan

Skolnick v. Tarragon Corp., et al</u>. against Defendant and also a Second Amended Complaint in

the Superior Court of New Jersey, Hudson County, Law Division Docket No. HUD-L-6140-07,

<u>Cherly Abramson et al. v. Tarragon Corp., et al.</u>  against Defendant; said cases having been consolidated by Order entered by the Honorable Alvaro L. Iglesias, J.S.C. on March 3, 2008 (said consolidated cases referred to herein as the "State Court Action").  True and correct copies of the Second Amended Complaints in the State Court Action are annexed hereto as set forth in Paragraph 7.

2.   On January 12, 2009 (the "Petition Date"), Tarragon Corporation, formerly known as Tarragon Realty Investors, Inc., ("Tarragon"), a co-defendant in the State Court Action, filed a voluntary petition under chapter 11 of the Bankruptcy Code and is currently a debtor and debtor-in-possession in the matter <u>In re Tarragon Corporation, et. al.</u>, Case No. 09-10555 (DHS), Jointly Administered,[1] pending in the United States Bankruptcy Court for the District of New Jersey, Newark Vicinage (the "Bankruptcy Court").

3.   Defendant seeks removal of the entire State Court Action pursuant to 28 <u>U.S.C.A.</u> § 1452(a) and the  Federal Rule of Bankruptcy Procedure 9027(a)(3), which permits a party to remove a state court proceeding begun after the Petition Date within 30 days of receipt of service in the state court proceeding.

4.   Defendant was added to the State Court Action as defendant by way of the Second Amended Complaints.  Defendant received service of the Second Amended Complaints on May 19, 2009.  In accordance with the requirements of the Federal Rule of Bankruptcy Procedure 9027(a)(3), this Petition For Removal is filed within thirty (30) days of Defendant's receipt of service.

---

[1]  In addition to Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon LLC, Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Tarragon Edgewater Associates LLC, Omni Equities Corporation, The Park Development East, LLC, Vista Lakes Tarragon LLC,

5.    This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C.A. § 1334.  Pursuant to 28 U.S.C.A. §157(a), this Court may refer the State Court Action to the Bankruptcy Court.

6.    Upon removal, the State Court Action is a core proceeding pursuant to 28 U.S.C.A. §157(b)(2)(A), (B) and (O).

7.    Pursuant to the provisions of the Federal Rule of Bankruptcy Procedure 9027(a)(1), Defendant attaches hereto a copy of all process, pleadings and orders which have been served upon Defendant in the State Court Action.

**WHEREFORE**, Defendant respectfully requests that the Court (a)(i) remove the State Court Action to this Court and (ii) refer the State Court Action to the Bankruptcy Court, and (b) grant such other and further relief as the Court deems necessary and just.

JOHN J. CURLEY LLC
Harborside Financial Center
1202 Plaza Ten
Jersey City, NJ  07311
Attorneys for Defendant Robert Rohdie

By :    s/  Jennifer J. Bogdanski_____
        Jennifer J. Bogdanski (JB2796)

DATED: 6/18/09

---

Tarragon Stonecrest, LLC, Murfreesboro Gateway Properties, LLC, MSCP, Inc., Tarragon Stratford, Inc. and TDC Hanover Holdings LLC also are debtors in these jointly administered cases.

Martin P. Skolnick, Pro Se and Attorney
for Plaintiff Susan Skolnick
50 Harrison Street, Suite 212H
Hoboken, NJ 07030
(201) 400-7165

| | | |
|---|---|---|
| MARTIN SKOLNICK and SUSAN SKOLNICK, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiffs, | : | HUDSON COUNTY |
| | : | DOCKET NO. : HUD-L-4707-07 |
| vs. | : | |
| | : | |
| TARRAGON CORP., TARRAGAON REALTY INVESTORS, INC., 1200 GRAND STREET URBAN RENEWAL, LLC, URSA DEVELOPMENT GROUP, L.L.C., FRANK RAIA, WILLIAM FRIEDMAN, ROBERT ROHDIE, MICHAEL SCIARRA, MARK SETTEMBRE, TODD SCHEFLER, BETH FISHER, GARY LOWITT, ALYSSA ROHDIE, JILL KAPLAN, TAMAR ROTHENBERG, and XYZ CORPS. (1-10). | : | CIVIL ACTION |
| | : | |
| | : | **SUMMONS** |
| | : | |
| Defendants. | | |

From The State of New Jersey

To The Defendant Named Above:    **ROBERT ROHDIE**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this Summons and Complaint, not counting the date you receive it. (The address of the deputy clerk is provided.)

A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you

must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices' telephone numbers is also provided on the back of this Summons. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

s/ Jennifer M. Perez

JENNIFER M. PEREZ
Acting Clerk of the Superior Court

DATED: April 23, 2009

Name of Defendant to Be Served:    **ROBERT ROHDIE**

Address of Defendant to Be Served: **155 East 76th Street, Apt. 8H
New York, New York 10021**

2

## HUDSON COUNTY:

Hudson Fee Office
Administration Building, Room G-9
595 Newark Avenue
Jersey City, NJ 07306
Phone: (201) 795-6144
Fax: (201) 217-5231

## LAWYER REFERRAL SERVICE

Hudson County Bar Association
Lawyer Referral Service
583 Newark Ave.
Jersey City, NJ 07306
Phone: (201) 798-2727
Fax: (201) 798-1740

## LEGAL SERVICES

Northeast Legal Services
Hudson County Division
574 Summit Ave.
Jersey City, NJ 07306
Phone: (201) 792-6363
Fax: (201) 798-8780

COURT TELEPHONE NO. (201) 217-5162          TRACK ASSIGNMENT NOTICE
COURT HOURS

                    DATE:    SEPTEMBER 21, 2007
                    RE:      SKOLNICK VS TARRAGON CORP
                    DOCKET:  HUD L -004707 07

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON ALVARO L. IGLESIAS

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
T: (201) 533-2450.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                    ATTENTION:

                            ATT: MARTIN SKOLNICK
                            SKOLNICK           MARTIN   P
                            5021 INDUSTRIAL ROAD
                            FARMINGDALE      NJ 07727

JLAK6

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE:  CK    CG    CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

**ATTORNEY/PRO SE NAME**
Martin Skolnick, pro se and attorney for *Susan Skolnick*

**TELEPHONE NUMBER**
(201) 400-7165

**COUNTY OF VENUE**
Hudson

**FIRM NAME (If applicable)**
Martin Skolnick, Esq.

**DOCKET NUMBER (When available)**
*Hud-L-4707-07*

**OFFICE ADDRESS**
50 Harrison Street, Suite 212H
Hoboken, NJ 07030

**DOCUMENT TYPE**
Complaint

**JURY DEMAND**
☒ YES  ☐ NO

**NAME OF PARTY (e.g., John Doe, Plaintiff)**
Plaintiffs Martin Skolnick and Susan Skolnick

**CAPTION**
Martin Skolnick and Susan Skolnick v. Tarragon Corp., et al.

**CASE TYPE NUMBER**
(See reverse side for listing)
699

**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES  ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**
☐ YES  ☒ NO

**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?**
☐ YES  ☒ NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN**
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☒ YES  ☐ NO

**IF YES, IS THAT RELATIONSHIP**
☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)
☐ FAMILIAL  ☒ BUSINESS

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☒ YES  ☐ NO

**USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:**

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES  ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

**WILL AN INTERPRETER BE NEEDED?** ☐ YES  ☒ NO
IF YES, FOR WHAT LANGUAGE:

**ATTORNEY SIGNATURE**

Revised effective 9/1/2007, CN 10517-English

page 1 of 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 241 | TOBACCO | 274 | RISPERDAL/SEROQUEL/ZYPREXA |
| 248 | CIBA GEIGY | 275 | ORTHO EVRA |
| 264 | PPA | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 601 | ASBESTOS |
| 271 | ACCUTANE | 619 | VIOXX |
| 272 | BEXTRA/CELEBREX | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

Martin P. Skolnick, Pro Se and Attorney
for Plaintiff Susan Skolnick
50 Harrison Street, Suite 212H
Hoboken, NJ 07030
(201) 400-7165

**FILED**
**TEAM #1**
APR 16 2009
SUPERIOR COURT OF N.J.
COUNTY OF HUDSON
CIVIL DIVISION #2

**RECEIVED #3**

APR 1 6 2009

SUPERIOR COURT OF N.J.
FEE OFFICE
COUNTY OF HUDSON

|  |  |  |
|---|---|---|
| MARTIN SKOLNICK and SUSAN SKOLNICK, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISION |
| Plaintiffs, | : | HUDSON COUNTY |
|  | : | DOCKET NO. : HUD-L-4707-07 |
| vs. | : |  |
|  | : |  |
| TARRAGON CORP., TARRAGAON REALTY INVESTORS, INC., 1200 GRAND STREET URBAN RENEWAL, LLC, URSA DEVELOPMENT GROUP, L.L.C., FRANK RAIA, WILLIAM FRIEDMAN, ROBERT ROHDIE, MICHAEL SCIARRA, MARK SETTEMBRE, TODD SCHEFLER, BETH FISHER, GARY LOWITT, ALYSSA ROHDIE, JILL KAPLAN, TAMAR ROTHENBERG, and XYZ CORPS. (1-10). | : | CIVIL ACTION |
|  | : | **SECOND AMENDED COMPLAINT** |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Defendants. |  |  |

Plaintiff, Martin Skolnick, residing at 1201 Adams Street, Apartment 316,

Hoboken, New Jersey, and Plaintiff, Susan Skolnick, residing at 5 Henning Terrace,

Denville, New Jersey, by way of complaint against Defendants, Tarragon Corp.,

Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA

Development Group, L.L.C., Frank Raia, William Friedman, Robert Rohdie, Michael

Sciarra, Mark Settembre, Todd Schefler, Beth Fisher, Gary Lowitt, Alyssa Rohdie, Jill

Kaplan, Tamar Rothenberg, and XYZ Corps. (1-10), state as follows:

## THE PARTIES

1.      Plaintiff, Martin Skolnick, is an individual residing at 1201 Adams Street, Apartment 316, Hoboken, New Jersey.

2.      Plaintiff, Susan Skolnick, is an individual residing at 5 Henning Terrace, Denville, New Jersey.

3.      Tarragon Corp. ("Tarragon") is a Delaware Corporation, with offices located at 423 West 55th Street, 12th Floor, New York, New York.

4.      Tarragon Realty Investors, Inc. ("Tarragon Realty") is a Delaware Corporation, with offices located at 423 West 55th Street, 12th Floor, New York, New York.

5.      1200 Grand Street Urban Renewal, LLC, is a New Jersey limited liability company, with offices located at 71 Grand Street, Hoboken, New Jersey.

6.      URSA Development Group, L.L.C. ("URSA") is a New Jersey limited liability company, with offices located at 71 Grand Street, Hoboken, New Jersey

7.      Defendant, Frank Raia, is an individual residing at 450 7th Street, Apt. 3K, Hoboken, New Jersey.

8.      Upon information and belief, Defendant, William Friedman, is the Chief Executive Officer of Tarragon Corp. with a principal place of business located at 423 West 55th Street, 12th Floor, New York, New York 10019.

9.      Upon information and belief, Defendant, Robert Rohdie, is an individual residing at 155 East 76th Street, New York, New York 10021.

10.      Defendant, Michael Sciarra, is an individual residing at 65 Slayton Drive, Short Hills, New Jersey 07078.

2

11.     Defendant, Mark Settembre, is an individual residing at 1200 Grand Street, Apt. 329, Hoboken, New Jersey 07030

12.     Upon information and belief, Defendant, Todd Schefler, is an individual residing at 345 East 86th Street, New York, New York 10028.

13.     Upon information and belief, Defendant, Beth Fisher, is an individual residing at 169 East 91st Street, New York, New York 10128.

14.     Upon information and belief, Defendant, Gary Lowitt, is an individual residing at 185 East 85th Street, New York, New York 10028.

15.     Upon information and belief, Defendant, Alyssa Rohdie, is an individual residing at 435 East 65th Street, New York, New York 10065.

16.     Upon information and belief, Defendant, Jill Kaplan, is an individual residing at 137 Riverside Drive, New York, New York 10024.

17.     Upon information and belief, Defendant, Tamar Rothenberg, is an individual residing at 3671 Hudson Manor Terrace, Apt. 4E, Bronx, NY 10463.

18.     XYZ Corps. (1-10) are unknown entities related to the named defendants that were involved in the construction, marketing, and sale of the subject property and/or are unknown entities that had dealings with plaintiffs in connection with the subject property.

## BACKGROUND and BASIS FOR CLAIMS

19.     Plaintiffs are original purchasers of a new construction unit at the condominium building located between 12th and 13th Streets and between Grand Street and Adams Street in Hoboken, New Jersey, commonly referred to as the Upper Grand (hereinafter referred to as the "Upper Grand").

20.     Prior to entering into a contract to purchase a unit at the Upper Grand,
Plaintiffs received advertising materials from Defendants which indicated that "Residents
of Upper Grand will benefit from a long-term stabilized real estate tax program.  In lieu
of real estate taxes, owners will pay a tax deductible 'Annual Service Charge' that is
approximately half the cost of customary real estate taxes."

21.     Prior to entering into a contract to purchase a unit at the Upper Grand,
Plaintiffs received advertising materials which indicated:

> "The condominiums in Upper Grand benefit from a tax pilot.
> Under this program, in lieu of standard real estate taxes, owners
> will pay a tax-deductible 'Annual Service Charge" equal to
> approximately 56 cents on the dollar of Hoboken real estate taxes.
> This results in significant savings for Upper Grand owners.  The
> monthly ownership expense of an Upper Grand residence will be
> significantly lower in comparison to similarly-priced properties,
> generating an additional $25,000 or more in equity for the Upper
> Grand homeowner (based upon the average price of an Upper
> Grand residence)."

22.     Prior to entering into a contract to purchase a unit at the Upper Grand,
Plaintiffs viewed a large sign painted on the wall of Defendants' sales office which stated
as follows:

> "TAX PILOT PROGRAM
> Residents of the Upper Grand will benefit from a long-term stabilized real estate
> tax program.  In lieu of real estate taxes, owners will pay a tax deductible 'Annual
> Service Charge' that is approximately half the cost of ordinary real estate taxes."

23.     Prior to entering into a contract to purchase a unit at the Upper Grand,
Plaintiffs were provided with advertising material which indicated that the:

> Upper Grand is the product of the developers' vision for this new neighborhood
> in Northwest Hoboken.  Tarragon Realty Investors, Inc. and their local
> development partners, URSA Development Group and Frank Raia, showcase
> their dedication to Upper Grand and commitment to excellence in their thoughtful
> planning, construction processes and high quality materials.
>
> Tarragon Realty Investors, Inc. (NASDAQ: TARR) is a 30-year old homebuilder

specializing in the development of residential communities in Florida, New York and New Jersey. With a portfolio of over 15,000 apartments, Tarragon's philosophy is to create and realize value for its stockholders and residents alike by developing innovative, high-quality properties.

URSA Development Group is a privately held Real Estate company that has been developing residential real estate in Hoboken for 20 years.

Frank Raia is an experienced developer and manger of over 300 housing units in Hoboken, NJ and nearby communities, has successfully developed Hoboken's new ShopRite Supermarket, and is active in many civic organizations.

24.     Plaintiffs relied upon the aforementioned advertising materials in reaching their decision to purchase units at the Upper Grand.

25.     Defendants William Friedman, Robert Rohdie, Todd Schefler, Beth Fisher,  and Gary Lowitt were corporate executives with Tarragon Corp. who oversaw and were responsible creating and distributing the aforementioned advertising materials.

26.     Defendants William Friedman, Robert Rohdie, Todd Schefler, Beth Fisher and Gary Lowitt knew or should have known that the aforementioned advertising materials were false.

27.     Defendants William Friedman, Robert Rohdie, Todd Schefler, Beth Fisher, and Gary Lowitt demonstrated a reckless disregard for the truth in allowing the aforementioned advertising materials to be distributed to the Plaintiffs.

28.     Defendants Michael Sciarra and Mark Settembre were corporate executives and equal owners of URSA Development Group, L.L.C. who permitted the aforementioned advertising materials to be distributed to plaintiffs.

29.     Defendants Michael Sciarra and Mark Settembre knew or should have known that the aforementioned advertising materials were false.

30.    Defendants Michael Sciarra and Mark Settembre demonstrated a reckless disregard for the truth in allowing the aforementioned advertising materials to be distributed to the Plaintiffs.

31.    Defendants Alyssa Rohdie, Jill Kaplan, and Tamar Rothenberg were employees with Tarragon Corp. in the marketing and sales department and were responsible creating the aforementioned advertising materials.

32.    Defendants Alyssa Rohdie, Jill Kaplan, and Tamar Rothenberg knew or should have known that the aforementioned advertising materials were false.

33.    Defendants Alyssa Rohdie, Jill Kaplan, and Tamar Rothenberg demonstrated a reckless disregard for the truth in allowing the aforementioned advertising materials to be distributed to the Plaintiffs.

34.    Upon information and belief, Defendants William Friedman, Robert Rohdie, and Michael Sciarra have law degrees.

35.    Defendants William Friedman, Robert Rohdie, and Michael Sciarra knew or should have known that the aforementioned advertising materials violated New Jersey law.

36.    Defendants knew or should have known that the aforementioned advertising materials violated New Jersey law.

37.    Defendants misrepresented the existence of significant tax savings in connection with units at the Upper Grand.

38.    After Plaintiffs closed on their respective unit and began receiving tax bills from the City of Hoboken, Plaintiffs learned that Defendants had misrepresented the tax savings associated with their unit.

39.    Each Defendant is vicariously liable for the acts of other Defendants within the scope of the construction, sale and marketing of Units at the Upper Grand.

40.    Each Defendant is vicariously liable for the acts of other Defendants within the scope of the marketing and sale of residential real estate mortgages to the Plaintiffs.

41.    Defendants received substantial profits and compensation as a result of their involvement in distributing the aforementioned advertising materials to the Plaintiffs.

## COUNT I – CONSUMER FRAUD

42.    Plaintiffs reallege and incorporate by reference paragraphs 1-41 as if fully set forth herein at length.

43.    At all times relevant to this complaint, Defendants were engaged in the construction, marketing, and sale of residential real estate.

44.    Defendants conduct in connection with the construction, marketing, and sale of the Unit falls within the scope of the Consumer Fraud Act, N.J.S.A. 56:8-2.

45.    In engaging in the above conduct, Defendants committed an unconscionable commercial practice, deception, fraud, falsity, or misrepresentation in connection with the construction, marketing, and sale of the Unit to the Plaintiffs.

46.    Defendants knowingly concealed, suppressed, and omitted facts material to the transaction at issue to plaintiffs' detriment.

47.    As a result of Defendants' unlawful conduct, plaintiffs have suffered an ascertainable loss of money and property in excess of the jurisdictional limits of this court.

**WHEREFORE**, Plaintiffs, Martin Skolnick and Susan Skolnick, demand judgment against Defendants for compensatory damages, treble damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief as the Court deems fair and equitable.

## COUNT II – FRAUD

48.     Plaintiffs reallege and incorporate by reference paragraphs 1-47 as if fully set forth herein at length.

49.     Defendants' represented that there was a significant tax savings associated with the Unit.

50.     Defendants representations that there was a significant tax savings associated with the Unit were false.

51.     Defendants knew that the representations that they were making to the plaintiff were false.

52.     Plaintiffs relied upon defendants' representations to their detriment.

53.     Plaintiffs suffered damages as a result of defendants' misrepresentations.

**WHEREFORE**, Plaintiffs, Martin Skolnick and Susan Skolnick, demand judgment against Defendants for compensatory damages, treble damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief as the Court deems fair and equitable.

## COUNT III – NEGLIGENT CONSTRUCTION

54.     Plaintiffs reallege and incorporate by reference paragraphs 1-53 as if fully set forth herein at length.

8

55.     The defendant did not construct the Property in a good and workmanlike manner, but carelessly and negligently performed the services required of it under the contract.

56.     More specifically, the windows were installed improperly and do not open and close properly.

57.     The windows that were provided are defective because they do not open and close properly.

58.     The plaintiffs will be compelled to expend diverse sums of moneys to cure the defects caused by defendants' negligence.

**WHEREFORE**, Plaintiffs demands judgment against the defendants for damages, cost of suit, interest, and such other relief as the court deems just and proper.

## COUNT IV - CONTRACT

59.     Plaintiffs reallege and incorporate by reference paragraphs 1-58 as if fully set forth herein at length.

60.     Defendants warranted that the Unit would be free from material and workmanship defects.

61.     Defendants warranted that the Unit would be fit for its intended use.

62.     The windows in the Unit do not open and close properly.

63.     Defendants breached their obligations under the Contract.

64.     Plaintiff suffered damages as a result of Defendant's breach of the Contract.

**WHEREFORE**, Plaintiffs demands judgment against the defendants for damages, cost of suit, interest, and such other relief as the court deems just and proper.

## COUNT V – CONSUMER FRAUD

65.    Plaintiffs reallege and incorporate by reference paragraphs 1-64 as if fully set forth herein at length.

66.    At all times relevant to this complaint, Defendants were engaged in the construction, marketing, and sale of residential real estate.

67.    Defendants conduct in connection with the construction, marketing, and sale of the Unit falls within the scope of the Consumer Fraud Act, N.J.S.A. 56:8-2.

68.    Defendants represented that "Tarragon Realty Investors, Inc. and their local development partners, URSA Development Group and Frank Raia, showcase their dedication to Upper Grand and commitment to excellence in their thoughtful planning, construction processes and high quality materials."  These representations are false.

69.    Plaintiffs windows do not open and close properly, and are ineffective at preventing heat loss from the unit.

70.    In engaging in the above conduct, Defendants committed an unconscionable commercial practice, deception, fraud, falsity, or misrepresentation in connection with the construction, marketing, and sale of the Unit to the Plaintiffs.

71.    Defendants knowingly concealed, suppressed, and omitted facts material to the transaction at issue to plaintiffs' detriment.

72.    As a result of Defendants' unlawful conduct, plaintiffs have suffered an ascertainable loss of money and property in excess of the jurisdictional limits of this court.

**WHEREFORE**, Plaintiffs, Martin Skolnick and Susan Skolnick, demand judgment against Defendants for compensatory damages, treble damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief as the Court deems fair and equitable.

## COUNT VI – VIOLATION OF PLANNED REAL ESTATE DEVELOPMENT FULL DISCLOSURE ACT

73.     Plaintiffs reallege and incorporate by reference paragraphs 1-72 as if fully set forth herein at length.

74.     At all times relevant to this complaint, Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, were Developers as defined by the Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-21, et seq.

75.     Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, violated N.J.S.A. 45:22A-37.

76.     Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, while marketing and selling Upper Grand units made an untrue statement of material fact or omitted a material fact from any application for registration, or amendment thereto, or from any public offering statement, or made a misleading statement with regard to such disposition.

77.     Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia,

provided a Public Offering Statement for the Upper Grand which contained untrue

statement concerning the formula to determine the Tax Abatement.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Tarragon

Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA

Development Group, L.L.C., and Frank Raia, for compensatory damages, double

damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief

as the Court deems fair and equitable.

By:_____

       Martin Skolnick, Pro Se and
       Attorney for Plaintiff
       Susan Skolnick

Dated:  April 16, 2009

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury.

By:_____

Martin Skolnick, Pro Se and
Attorney for Plaintiff
Susan Skolnick

Dated:  April 16, 2009

## CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is not the

subject of any other pending or contemplated action or arbitration proceeding.  This party

is not aware of any other parties who should be joined into this action at this time.

By:_____

Martin Skolnick, Pro Se and
Attorney for Plaintiff
Susan Skolnick

Dated:  April 16, 2009

Martin P. Skolnick
Attorney for Plaintiffs
50 Harrison Street, Suite 212H
Hoboken, NJ 07030
(201) 400-7165

CHERYL ABRAMSON, TODD
ABRAMSON, JUDITH ANDERSON,
MYRON WEINER, KIM BLACKMORE,
MONICA DATTA, KIM DEROSA, BRIAN
DUIS, TODD MILLER, BRIAN FINNEY,
RICK GYAN, SARA FERRY, PATRICK
HEALEY, LINCOLN HOCHBERG,
ROBERT HOLZBERG, MICHAEL
KATSAROS, JAMES LAKE, ERIKA
LAKE, BRADFORD LERMAN, SHAHID
MALIK, DAVID MISSIG, LORI MISSIG
f/k/a LORI PETILLO, JANINE O'BRIEN,
STEPHANIE PETILLO, RYAN PRYOR,
KYLA PRYOR f/k/a KYLA DEMARZIO,
HARLA SECKULAR, DARREN
SIKORSKI, JORDAN SILBERBERG,
JUSTIN SILBERBERG, MANISHA
VARSANI, STEVE WARJANKA, LARA
WARJANKA, and JAMES WEINBERG,

        Plaintiffs,

vs.

TARRAGON CORP., TARRAGAON
REALTY INVESTORS, INC., 1200
GRAND STREET URBAN RENEWAL,
LLC, URSA DEVELOPMENT GROUP,
L.L.C., GRAND BANK, NATIONAL
ASSOCIATION, UPPER GRAND
REALTY, LLC, WILLIAM FRIEDMAN,
ROBERT ROHDIE, MICHAEL SCIARRA,
MARK SETTEMBRE, TODD SCHEFLER,
BETH FISHER, GARY LOWITT, ALYSSA
ROHDIE, JILL KAPLAN, TAMAR
ROTHENBERG, FRANK RAIA, DAVID
METZHEISER, MICHELE RUSSO,
TIMOTHY MALONEY and XYZ CORPS.
(1-10).

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
HUDSON COUNTY
DOCKET NO. : HUD-L-6140-07


CIVIL ACTION

**SUMMONS**

From The State of New Jersey

To The Defendant Named Above:      **ROBERT ROHDIE**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this Summons and Complaint, not counting the date you receive it. (The address of the deputy clerk is provided.)

      A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the Court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices' telephone numbers is also provided on the back of this Summons. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                                 *s/* ~~Jen M Pon~~

                                          JENNIFER M. PEREZ
                                          Acting Clerk of the Superior Court

DATED: April 23, 2009

Name of Defendant to Be Served:      **ROBERT ROHDIE**

Address of Defendant to Be Served:  **155 East 76th Street, Apt. 8H**
                                          **New York, New York 10021**

## HUDSON COUNTY:

Hudson Fee Office
Administration Building, Room G-9
595 Newark Avenue
Jersey City, NJ 07306
Phone: (201) 795-6144
Fax: (201) 217-5231

## LAWYER REFERRAL SERVICE

Hudson County Bar Association
Lawyer Referral Service
583 Newark Ave.
Jersey City, NJ 07306
Phone: (201) 798-2727
Fax: (201) 798-1740

## LEGAL SERVICES

Northeast Legal Services
Hudson County Division
574 Summit Ave.
Jersey City, NJ 07306
Phone: (201) 792-6363
Fax: (201) 798-8780

ST. NEWARK AVENUE
JERSEY CITY      NJ 07306

TRACK ASSIGNMENT NOTICE

DUFT TELEPHONE NO. (201) 217-5162
DUFT HOURS

DATE:    DECEMBER 19, 2007
RE:      ABRAMSON ETALS VS TARRAGON CORP ETALS
DOCKET: HUD L -006140 07

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
ROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK A. BABER

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM   002
:  (201) 795-6116.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
ERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
TH  R.4:5A-2.

ATTENTION:

JAMES WEINBERG

00000

JGAL0

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE:  CK    CG    CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Martin P. Skolnick, Esq. | (201) 400-7165 | Hudson |

**FIRM NAME** (If applicable)
Martin P. Skolnick, Attorney at Law

**DOCKET NUMBER** (When available)
L 6140-07

**OFFICE ADDRESS**
50 Harrison Street, Suite 212H
Hoboken, NJ 07030

**DOCUMENT TYPE**
Complaint

**JURY DEMAND**   ☒ YES   ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Plaintiffs | Cheryl Abramson, et al. v. Tarragon Corp., et al. |

**CASE TYPE NUMBER**
(See reverse side for listing)
699

IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING
YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**  ☒ YES  ☐ NO

IF YES, LIST DOCKET NUMBERS
HUD-L-4707-07

**DO YOU ANTICIPATE ADDING
ANY PARTIES** (arising out of
same transaction or occurrence)?   ☐ YES  ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

---

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT,
PAST OR RECURRENT
RELATIONSHIP?**  ☒ YES  ☐ NO

IF YES, IS THAT
RELATIONSHIP?   ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)
☐ FAMILIAL   ☒ BUSINESS

**DOES THE STATUTE GOVERNING THIS
CASE PROVIDE FOR PAYMENT OF FEES
BY THE LOSING PARTY?**  ☒ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED
DISPOSITION:

**DO YOU OR YOUR CLIENT NEED ANY
DISABILITY ACCOMMODATIONS?**  ☐ YES  ☒ NO

IF YES, PLEASE IDENTIFY THE
REQUESTED ACCOMMODATION:

**WILL AN INTERPRETER BE NEEDED?**  ☐ YES  ☒ NO

IF YES, FOR WHAT LANGUAGE:

**ATTORNEY SIGNATURE:**

Revised effective 9/1/2007, CN 10517-English

page 1 of 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**

| | | | | |
|---|---|---|---|---|
| 241 | TOBACCO | | 274 | RISPERDAL/SEROQUEL/ZYPREXA |
| 248 | CIBA GEIGY | | 275 | ORTHO EVRA |
| 264 | PPA | | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | | 601 | ASBESTOS |
| 271 | ACCUTANE | | 619 | VIOXX |
| 272 | BEXTRA/CELEBREX | | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

Revised effective 9/1/2007, CN 10517-English

FILED
TEAM #1

APR 16 2009

SUPERIOR COURT OF N.J.
COUNTY OF HUDSON
CIVIL DIVISION #2

RECEIVED #3

APR 16 2009

SUPERIOR COURT OF N.J.
FEE OFFICE
COUNTY OF HUDSON

Martin P. Skolnick
Attorney for Plaintiffs
50 Harrison Street, Suite 212H
Hoboken, NJ 07030
(201) 400-7165

---

CHERYL ABRAMSON, TODD
ABRAMSON, JUDITH ANDERSON,
MYRON WEINER, KIM BLACKMORE,
MONICA DATTA, KIM DEROSA, BRIAN
DUIS, TODD MILLER, BRIAN FINNEY,
RICK GYAN, SARA FERRY, PATRICK
HEALEY, LINCOLN HOCHBERG,
ROBERT HOLZBERG, MICHAEL
KATSAROS, JAMES LAKE, ERIKA
LAKE, BRADFORD LERMAN, SHAHID
MALIK, DAVID MISSIG, LORI MISSIG
f/k/a LORI PETILLO, JANINE O'BRIEN,
STEPHANIE PETILLO, RYAN PRYOR,
KYLA PRYOR f/k/a KYLA DEMARZIO,
HARLA SECKULAR, DARREN
SIKORSKI, JORDAN SILBERBERG,
JUSTIN SILBERBERG, MANISHA
VARSANI, STEVE WARJANKA, LARA
WARJANKA, and JAMES WEINBERG,

          Plaintiffs,

vs.

TARRAGON CORP., TARRAGAON
REALTY INVESTORS, INC., 1200
GRAND STREET URBAN RENEWAL,
LLC, URSA DEVELOPMENT GROUP,
L.L.C., GRAND BANK, NATIONAL
ASSOCIATION, UPPER GRAND
REALTY, LLC, WILLIAM FRIEDMAN,
ROBERT ROHDIE, MICHAEL SCIARRA,
MARK SETTEMBRE, TODD SCHEFLER,
BETH FISHER, GARY LOWITT, ALYSSA
ROHDIE, JILL KAPLAN, TAMAR
ROTHENBERG, FRANK RAIA, DAVID
METZHEISER, MICHELE RUSSO,
TIMOTHY MALONEY and XYZ CORPS.
(1-10).

          Defendants.

---

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
HUDSON COUNTY
DOCKET NO. : HUD-L-6140-07


CIVIL ACTION

**SECOND AMENDED COMPLAINT**

Plaintiffs, by way of complaint against Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., Grand Bank, National Association, Upper Grand Realty, LLC, William Friedman, Robert Rohdie, Michael Sciarra, Mark Settembre, Todd Schefler, Beth Fisher, Gary Lowitt, Alyssa Rohdie, Jill Kaplan, Tamar Rothenberg, Frank Raia, David Metzheiser, Michele Russo, Timothy Maloney, and XYZ Corps. (1-10), state as follows:

### THE PARTIES

1.      Plaintiffs, Cheryl Abramson and Todd Abramson, are individuals residing at 1200 Grand Street, Apartment 328, Hoboken, New Jersey.

2.      Plaintiffs, Judith Anderson and Myron Weiner, are individuals residing at 1201 Adams Street, Apartment 602, Hoboken, New Jersey.

3.      Plaintiff, Kim Blackmore, is an individual residing at 1200 Grand Street, Apartment 528, Hoboken, New Jersey.

4.      Plaintiff, Monica Datta, is an individual residing at 1201 Adams Street, Apartment 313, Hoboken, New Jersey.

5.      Plaintiff, Kim DeRosa, is an individual residing at 1200 Grand Street, Apartment 525, Hoboken, New Jersey.

6.      Plaintiffs, Brian Duis and Todd Miller, are individuals residing at 1201 Adams Street, Apartment 513, Hoboken, New Jersey.

7.      Plaintiff, Brian Finney, is an individual residing at 1201 Adams Street, Apartment 517, Hoboken, New Jersey.

8.      Plaintiffs, Rick Gyan and Sara Ferry, are individuals residing at 1201 Adams Street, Apartment 503, Hoboken, New Jersey.

9.    Plaintiff, Patrick Healey, is an individual residing at 1201 Adams Street, Apartment 616, Hoboken, New Jersey.

10.    Plaintiff, Lincoln Hochberg, is an individual residing at 1201 Adams Street, Apartment 301, Hoboken, New Jersey.

11.    Plaintiff, Robert Holzberg, is an individual residing at 1200 Grand Street, Apartment 632, Hoboken, New Jersey.

12.    Plaintiff, Michael Katsaros, is an individual residing at 1200 Grand Street, Apartment 320, Hoboken, New Jersey.

13.    Plaintiffs, James Lake and Erika Lake, are individuals residing at 1200 Grand Street, Apartment 627, Hoboken, New Jersey.

14.    Plaintiff, Bradford Lerman, is an individual residing at 1200 Grand Street, Apartment 527, Hoboken, New Jersey.

15.    Plaintiff, Shahid Malik, is an individual residing at 1201 Adams Street, Apartment 310, Hoboken, New Jersey.

16.    Plaintiffs, David Missig and Lori Missig formerly known as Lori Petillo, are individuals residing at 1201 Adams Street, Apartment 301, Hoboken, New Jersey.

17.    Plaintiff, Janine O'Brien, is an individual residing at 1200 Grand Street, Apartment 325, Hoboken, New Jersey.

18.    Plaintiff, Stephanie Petillo, is an individual residing at 1201 Adams Street, Apartment 505, Hoboken, New Jersey.

19.    Plaintiffs, Ryan Pryor and Kyla Pryor formerly known as Kyla DeMarzio, are individuals residing at 1200 Grand Street, Apartment 324, Hoboken, New Jersey.

20.    Plaintiff, Harla Seckular, is an individual residing at 1200 Grand Street, Apartment 323, Hoboken, New Jersey.

21.    Plaintiff, Darren Sikorski, is an individual residing at 1200 Grand Street, Apartment 231, Hoboken, New Jersey.

22.    Plaintiffs, Jordan Silberberg and Justin Silberberg, are individuals residing at 1201 Adams Street, Apartment 411, Hoboken, New Jersey.

23.    Plaintiff, Manisha Varsani, is an individual residing at 1200 Grand Street, Apartment 620, Hoboken, New Jersey.

24.    Plaintiffs, Steve Warjanka and Lara Warjanka, are individuals residing at 1201 Adams Street, Apartment 302, Hoboken, New Jersey.

25.    Plaintiff, James Weinberg, is an individual residing at 1201 Adams Street, Apartment 405, Hoboken, New Jersey.

26.    Tarragon Corp. ("Tarragon") is a Delaware Corporation, with offices located at 423 West 55th Street, 12th Floor, New York, New York.

27.    Tarragon Realty Investors, Inc. ("Tarragon Realty") is a Delaware Corporation, with offices located at 423 West 55th Street, 12th Floor, New York, New York.

28.    1200 Grand Street Urban Renewal, LLC, is a New Jersey limited liability company, with offices located at 71 Grand Street, Hoboken, New Jersey.

29.    URSA Development Group, L.L.C. ("URSA") is a New Jersey limited liability company with offices located at 71 Grand Street, Hoboken, New Jersey.

30.    Grand Bank, National Association ("Grand Bank"), is a national bank with offices located at 1 Edinburg Road, Hamilton, New Jersey.

31.    Upper Grand Realty, LLC ("Upper Grand Realty") is a New Jersey limited liability company with offices located at 71 Grand Street, Hoboken, New Jersey.

32.     Upon information and belief, Defendant, William Friedman, is the Chief Executive Officer of Tarragon Corp. with a principal place of business located at 423 West 55th Street, 12th Floor, New York, New York 10019.

33.     Upon information and belief, Defendant, Robert Rohdie, is an individual residing at 155 East 76th Street, New York, New York 10021.

34.     Defendant, Michael Sciarra, is an individual residing at 65 Slayton Drive, Short Hills, New Jersey 07078.

35.     Defendant, Mark Settembre, is an individual residing at 1200 Grand Street, Apt. 329, Hoboken, New Jersey 07030

36.     Upon information and belief, Defendant, Todd Schefler, is an individual residing at 345 East 86th Street, New York, New York 10028.

37.     Upon information and belief, Defendant, Beth Fisher, is an individual residing at 169 East 91st Street, New York, New York 10128.

38.     Upon information and belief, Defendant, Gary Lowitt, is an individual residing at 185 East 85th Street, New York, New York 10028.

39.     Upon information and belief, Defendant, Alyssa Rohdie, is an individual residing at 435 East 65th Street, New York, New York 10065.

40.     Upon information and belief, Defendant, Jill Kaplan, is an individual residing at 137 Riverside Drive, New York, New York 10024.

41.     Upon information and belief, Defendant, Tamar Rothenberg, is an individual residing at 3671 Hudson Manor Terrace, Apt. 4E, Bronx, NY 10463.

42.     Defendant, Frank Raia, is an individual residing at 450 7th Street, Apt. 3K, Hoboken, New Jersey.

43.    Defendant David Metzheiser is an individual residing at 12 Danser Drive, Cranbury, New Jersey.

44.    Defendant Michele Russo is an individual residing at 10 Church Towers, Hoboken, New Jersey.

45.    Defendant Timothy Maloney is an individual residing at 1201 Adams Street, Apartment 305, Hoboken, New Jersey.

46.    XYZ Corps. (1-10) are unknown entities related to the named defendants that were involved in the construction, marketing, and sale of the subject property and/or are unknown entities that had dealings with plaintiffs in connection with the subject property.

## BACKGROUND and BASIS FOR CLAIMS

47.    Plaintiffs are original purchasers of new construction units at the condominium building located between 12th and 13th Streets and between Grand Street and Adams Street in Hoboken, New Jersey, commonly referred to as the Upper Grand (hereinafter referred to as the "Upper Grand").

48.    Prior to entering into contracts to purchase units at the Upper Grand, Plaintiffs received advertising materials from Defendants which indicated that "Residents of Upper Grand will benefit from a long-term stabilized real estate tax program.  In lieu of real estate taxes, owners will pay a tax deductible 'Annual Service Charge' that is approximately half the cost of customary real estate taxes."

49.    Prior to entering into contracts to purchase units at the Upper Grand, Plaintiffs received advertising materials which indicated:

> "The condominiums in Upper Grand benefit from a tax pilot.
> Under this program, in lieu of standard real estate taxes, owners
> will pay a tax-deductible 'Annual Service Charge" equal to
> approximately 56 cents on the dollar of Hoboken real estate taxes.

6

This results in significant savings for Upper Grand owners. The
monthly ownership expense of an Upper Grand residence will be
significantly lower in comparison to similarly-priced properties,
generating an additional $25,000 or more in equity for the Upper
Grand homeowner (based upon the average price of an Upper
Grand residence)."

50.    Prior to entering into contracts to purchase units at the Upper Grand,

Plaintiffs viewed a large sign painted on the wall of Defendants' sales office which stated

as follows:

"TAX PILOT PROGRAM
Residents of the Upper Grand will benefit from a long-term stabilized real estate
tax program. In lieu of real estate taxes, owners will pay a tax deductible 'Annual
Service Charge' that is approximately half the cost of ordinary real estate taxes."

51.    Prior to entering into contracts to purchase units at the Upper Grand,

Plaintiffs were provided with advertising material which indicated that the:

Upper Grand is the product of the developers' vision for this new neighborhood
in Northwest Hoboken. Tarragon Realty Investors, Inc. and their local
development partners, URSA Development Group and Frank Raia, showcase
their dedication to Upper Grand and commitment to excellence in their thoughtful
planning, construction processes and high quality materials.

Tarragon Realty Investors, Inc. (NASDAQ: TARR) is a 30-year old homebuilder
specializing in the development of residential communities in Florida, New York
and New Jersey. With a portfolio of over 15,000 apartments, Tarragon's
philosophy is to create and realize value for its stockholders and residents alike by
developing innovative, high-quality properties.

URSA Development Group is a privately held Real Estate company that has been
developing residential real estate in Hoboken for 20 years.

Frank Raia is an experienced developer and manger of over 300 housing units in
Hoboken, NJ and nearby communities, has successfully developed Hoboken's
new ShopRite Supermarket, and is active in many civic organizations.

52.    Plaintiffs relied upon the aforementioned advertising materials in reaching

their decision to purchase units at the Upper Grand.

53.     Defendants William Friedman, Robert Rohdie, Todd Schefler, Beth Fisher, and Gary Lowitt were corporate executives with Tarragon Corp. who oversaw and were responsible creating and distributing the aforementioned advertising materials.

54.     Defendants William Friedman, Robert Rohdie, Todd Schefler, Beth Fisher and Gary Lowitt knew or should have known that the aforementioned advertising materials were false.

55.     Defendants William Friedman, Robert Rohdie, Todd Schefler, Beth Fisher, and Gary Lowitt demonstrated a reckless disregard for the truth in allowing the aforementioned advertising materials to be distributed to the Plaintiffs.

56.     Defendants Michael Sciarra and Mark Settembre were corporate executives and equal owners of URSA Development Group, L.L.C. who permitted the aforementioned advertising materials to be distributed to plaintiffs.

57.     Defendants Michael Sciarra and Mark Settembre knew or should have known that the aforementioned advertising materials were false.

58.     Defendants Michael Sciarra and Mark Settembre demonstrated a reckless disregard for the truth in allowing the aforementioned advertising materials to be distributed to the Plaintiffs.

59.     Defendants Alyssa Rohdie, Jill Kaplan, and Tamar Rothenberg were employees with Tarragon Corp. in the marketing and sales department and were responsible creating the aforementioned advertising materials.

60.     Defendants Alyssa Rohdie, Jill Kaplan, and Tamar Rothenberg knew or should have known that the aforementioned advertising materials were false.

61.    Defendants Alyssa Rohdie, Jill Kaplan, and Tamar Rothenberg demonstrated a reckless disregard for the truth in allowing the aforementioned advertising materials to be distributed to the Plaintiffs.

62.    Upon information and belief, Defendants William Friedman, Robert Rohdie, and Michael Sciarra have law degrees.

63.    Defendants William Friedman, Robert Rohdie, and Michael Sciarra knew or should have known that the aforementioned advertising materials violated New Jersey law.

64.    Defendants knew or should have known that the aforementioned advertising materials violated New Jersey law.

65.    Upon information and belief, Upper Grand Realty is a limited liability company controlled by other Defendants in this matter, which acted as the real estate brokerage company in connection with the Upper Grand project.

66.    Defendants David Metzheiser, Michele Russo and Timothy Maloney were real estate agents provided by Defendants to represent Plaintiffs in connection with their purchase of units at the Upper Grand.

67.    Defendants David Metzheiser, Michele Russo and Timothy Maloney provided the aforementioned advertising materials to Plaintiffs.

68.    Defendants David Metzheiser, Michele Russo and Timothy Maloney knew or should have known that the aforementioned advertising materials were false.

69.    Prior to entering into contracts to purchase units at the Upper Grand, Plaintiffs met with Defendants' sales representatives, David Metzheiser, Michele Russo and Timothy Maloney, who made representations concerning the existence of significant tax savings associated with units at the Upper Grand.

9

70.    Defendants misrepresented the existence of significant tax savings in connection with units at the Upper Grand.

71.    After Plaintiffs closed on their respective units and began receiving tax bills from the City of Hoboken, Plaintiffs learned that Defendants had misrepresented the tax savings associated with their units.

72.    Defendant David Metzheiser was an agent, employee and/or representative of Grand Bank at the same time he was working as a sales agent at the Upper Grand.

73.    The wrongs committed by Defendant David Metzheiser was in the scope of his agency or employment relationship with Grand Bank, and the wrong (i) was the kind that Defendant David Metzheiser was engaged or employed to perform, (ii) occurred substantially within the authorized time and space limits, and (iii) was actuated in part by a purpose to serve Grand Bank.

74.    David Metzheiser failed to disclose to Plaintiffs his association with Grand Bank while he acted as Plaintiffs' real estate agent in connection with Plaintiffs' purchase of units at the Upper Grand.

75.    Plaintiffs were required to obtain mortgage commitments from Grand Bank in order to purchase units at the Upper Grand.

76.    Plaintiffs were, for all intense and purposes, required to use Grand Bank to obtain mortgages in order to purchase units at the Upper Grand if they wanted a mortgage contingency in their contracts.  More specifically, the purchase contracts provided in pertinent part that

> Unless the buyer makes application for a mortgage loan through the seller, the buyer's obligation to pay the total purchase price will not be contingent upon the buyer's ability to obtain a mortgage loan.  Where the buyers seeks to obtain a mortgage loan from any lender other than through the seller, the purchase will be

considered an all cash transaction, and the buyer will be obligated to close title to the unit whether or not a mortgage loan is obtained.

77.     Defendants David Metzheiser, Michele Russo, and Timothy Maloney failed to disclose to Plaintiffs David Metzheiser's association with Grand Bank.

78.     Upon information and belief, Defendants entered into a joint venture to construct, market and sell Units at the Upper Grand.

79.     Each Defendant is vicariously liable for the acts of other Defendants within the scope of the construction, sale and marketing of Units at the Upper Grand.

80.     Upon information and belief, Defendants entered into a joint venture in connection with the marketing and sale of residential real estate mortgages to the Plaintiffs.

81.     Each Defendant is vicariously liable for the acts of other Defendants within the scope of the marketing and sale of residential real estate mortgages to the Plaintiffs.

82.     Defendants received substantial profits and compensation as a result of their involvement in distributing the aforementioned advertising materials to the Plaintiffs.

## COUNT I – CONSUMER FRAUD

83.     Plaintiffs reallege and incorporate by reference paragraphs 1-82 as if fully set forth herein at length.

84.     At all times relevant to this complaint, Defendants were engaged in the construction, marketing, and sale of residential real estate.

11

85.    Defendants conduct in connection with the construction, marketing, and sale of units at the Upper Grand falls within the scope of the Consumer Fraud Act, N.J.S.A. 56:8-2.

86.    In engaging in the above conduct, Defendants committed an unconscionable commercial practice, deception, fraud, false promise, falsity, or misrepresentation in connection with the construction, marketing, and sale of units at the Upper Grand to the Plaintiffs.

87.    Defendants knowingly concealed, suppressed, and omitted facts material to the transaction at issue to Plaintiffs' detriment.

88.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered an ascertainable loss of money and property in excess of the jurisdictional limits of this court. More specifically, the monthly ownership expense of an Upper Grand residence is significantly higher than advertised. Additionally, Plaintiffs do not have the benefit of an additional $25,000.00 or more in equity as advertised.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, treble damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief as the Court deems fair and equitable.


## COUNT II – FRAUD

89.    Plaintiffs reallege and incorporate by reference paragraphs 1-88 as if fully set forth herein at length.

90.    Defendants' represented that there was a significant tax savings associated with units at the Upper Grand.

91.     Defendants representations that there was a significant tax savings associated with units at the Upper Grand were false.

92.     Defendants knew that the representations that they were making to the plaintiffs were false.

93.     Plaintiffs relied upon defendants' representations to their detriment.

94.     Plaintiffs suffered damages as a result of defendants' misrepresentations.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, treble damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief as the Court deems fair and equitable.

## COUNT III – CONSUMER FRAUD

95.     Plaintiffs reallege and incorporate by reference paragraphs 1-94 as if fully set forth herein at length.

96.     At all times relevant to this complaint, Defendants were engaged in the marketing and sale of residential real estate mortgages.

97.     Defendants conduct in connection with the marketing and sale of residential real estate mortgages alls within the scope of the Consumer Fraud Act, N.J.S.A. 56:8-2.

98.     In engaging in the above conduct, Defendants committed an unconscionable commercial practice, deception, fraud, false promise, falsity, or misrepresentation in connection with the marketing and sale of residential real estate mortgages to the Plaintiffs.

99.     Defendants knowingly concealed, suppressed, and omitted facts material to the transaction at issue to Plaintiffs' detriment.

100.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered an ascertainable loss of money and property in excess of the jurisdictional limits of this court. More specifically, Plaintiffs that did not end up using Grand Bank to obtain a mortgage were required to incur a fee for a mortgage application with Grand Bank. Further, plaintiffs who ended up using Grand bank to obtain a mortgage would have been forced to incur a fee for a mortgage application from another bank if they did not use Grand Bank to obtain the mortgage commitment.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, treble damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief as the Court deems fair and equitable.

## COUNT IV – VIOLATION OF PLANNED REAL ESTATE DEVELOPMENT FULL DISCLOSURE ACT

101.    Plaintiffs reallege and incorporate by reference paragraphs 1-100 as if fully set forth herein at length.

102.    At all times relevant to this complaint, Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, were Developers as defined by the Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-21, et seq.

103.    Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, violated N.J.S.A. 45:22A-37.

104.    Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, while marketing and selling Upper Grand units made an untrue statement of material fact or

14

omitted a material fact from any application for registration, or amendment thereto, or from any public offering statement, or made a misleading statement with regard to such disposition.

105.    Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, provided a Public Offering Statement for the Upper Grand which contained untrue statement concerning the formula to determine the Tax Abatement.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Tarragon Corp., Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, L.L.C., and Frank Raia, for compensatory damages, double damages, punitive damages, attorney's fees, filing fees, costs of suit, and such other relief as the Court deems fair and equitable.

By:_____

      Martin Skolnick
      Attorney for Plaintiffs

Dated:  April 16, 2009

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury.

By: _____

Martin Skolnick
Attorney for Plaintiffs

Dated:  April 16, 2009

## CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding, other than a similar lawsuit pending in the Superior Court of New Jersey, Hudson County, Law Division, entitled Martin Skolnick, et al. v. Tarragon Corp. et al., Docket No. HUD-L-4707-07.   There are other purchasers, who I do not represent, that could assert similar claims.  There is also another building whose purchasers may have the ability to assert similar claims.  Other than the aforementioned, I am not aware of any other parties who should be joined into this action at this time.

By: _____

Martin Skolnick
Attorney for Plaintiffs

Dated:  April 16, 2009