Sandy L. Galacio, Jr. (SLG-9883)
**WINDELS MARX LANE & MITTENDORF, LLP**
120 Albany Street Plaza, 6th Floor
New Brunswick, New Jersey 08901
(732) 846-7600
sgalacio@windelsmarx.com
Attorneys for Defendant, Grand Bank, N.A.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the matter of TARRAGON CORPORATION<br><br>Debtor. | Hearing Date: August 13, 2009 10:00 a.m.<br>Case No. 09-10555-DHS<br>Adversary No. 09-2012<br>Chapter 11 Case |

Martin Skolnick, et als.

v.

Robert Rhodie, et als.

---

MEMORANDUM OF LAW OF GRAND BANK, NA IN OPPOSITION TO PLAINTIFFS MARTIN SKOLNICK, ET ALS.' MOTION TO HAVE THE COURT ABSTAIN FROM CONSIDERATION OF THE MATTER AND REMANDING THE CASE TO THE SUPERIOR COURT OF NEW JERSEY, HUDSON COUNTY, LAW DIVISION

---

> Windels Marx Lane & Mittendorf, LLP
> 120 Albany Street Plaza, 6th Floor
> New Brunswick, New Jersey 08901
> (732) 846-7600
>
> Sandy L. Galacio, Jr. (SLG-9883)
> Attorneys for Defendant,
> Grand Bank, NA

Of Counsel and On the Brief:
    Sandy L. Galacio, Jr.

{40289282:1}

# TABLE OF AUTHORITIES

## CASES

Balcor/Morristown LP v. Vector Whippany Assoc.,
181 B.R. 781, 793 (D.N.J. 1995) .................................................................................. 6

Beard v. Braunstein, 914 F.2d 434, 444-45 (3rd Cir. 1990) ......................................... 4

In re Billing, 150 B.R. 563, 565 (D.N.J. 1993) ............................................................ 4

Blanton v. IMN Financial Corp., 260 B.R. 257, 266 (M.D.N.C. 2001) ....................... 7

In re Donington, Karcher, Salmond, Ronan & Rainone, PA,
194 B.R. 750, 758-59 (D.N.J. 1996) ......................................................................... 4, 6

Halper v. Halper, 164 F.3d 830, 836 (3rd Cir. 1999) .................................................... 4

In re Mid-Atlantic Handling Systems, LLC, 304 B.R. 111 (Bkrtcy.N.J. 2003) ............ 4

Network Users Group, Inc. v. Worldcom Technologies, Inc.,
309 B.R. 446, 451 (E.D. Pa. 2004) .............................................................................. 7

## STATUTES AND RULES

11 U.S.C. §362 ............................................................................................................. 4

28 U.S.C. §157 ............................................................................................................. 4

28 U.S.C. §1334 ..................................................................................................... 4,5,6

28 U.S.C. §1452 ........................................................................................................... 3

N.J.S.A. 45:22A-21 ...................................................................................................... 2

F.R.B.P. 9027 ............................................................................................................... 3

## **PRELIMINARY STATEMENT**

Plaintiffs ask this Court to abstain from considering this matter and instead remand it to state court. In support of their motion, Plaintiffs argue: (1) that the Court lacks subject matter jurisdiction because the case does not involve a core proceeding in the Tarragon bankruptcy; and (2) the criteria for mandatory abstention are met; and (3) the criteria for permissive abstention are met and require a remand. However, all three arguments are without merit. Accordingly, Plaintiffs' motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2007, plaintiffs Martin and Susan Skolnick (the "Skolnick Plaintiffs") filed a complaint (the "Skolnick Complaint") in the Superior Court of New Jersey, Hudson County, against defendants Tarragon Corporation, Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, LLC and Frank Raia. The matter was assigned docket no. HUD-L-4707-07. Defendants filed answers that included cross-claims for statutory and common law indemnification and contribution. Generally, the Skolnick Complaint alleged that defendants misrepresented certain tax savings related to the Skolnick Plaintiffs' purchase of a condominium apartment. The Skolnick Complaint also included claims for construction defects, and set forth counts for consumer fraud, common law fraud, negligence, and breach of contract.

On May 6, 2008, the Skolnick Plaintiffs filed a first amended complaint, which added a count for violation of the New Jersey Planned Real Estate Development Full Disclosure Act (the "Act"), N.J.S.A. 45:22A-21, et seq. On April 16, 2009, the Skolnick Plaintiffs filed a second amended complaint, which added William Friedman, Robert Rhodie, Michael Sciarra, Mark Settembre, Gary Lowitt, Todd Schefler, Beth Fisher, Alyssa Rhodie, Tamar Rothenberg and Jill Kaplan as defendants (the "Additional Defendants"). See Exhibit A to Certification of Martin Skolnick, Esq.

On December 18, 2007, plaintiffs Cheryl Abramson, Todd Abramson, Judith Anderson, Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian Finney, Rick Gyan, Sara Ferry, Patrick Healy, Lincoln Hochberg, Robert Holzberg, Michael Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missig, Lori Missig, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor, Harla Seckular, Darren

{40289282:1}

Sikorski, Jordan Silberberg, Justin Silberberg, Manisha Versani, Steve Warjanka, Lara Warjanka and James Weinberg (collectively the "Abramson Plaintiffs") (the Skolnick Plaintiffs and Abramson Plaintiffs are sometimes collectively referred to as "Plaintiffs") filed a complaint (the "Abramson Complaint") in the Superior Court of New Jersey, Hudson County, against defendants Tarragon Corporation, Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, URSA Development Group, LLC, Grand Bank, NA, Upper Grand Realty, LLC, Frank Raia, David Metzheiser, Michele Russo and Timothy Maloney. Defendants filed answers that included cross-claims for statutory and common law indemnification and contribution. The Abramson Complaint asserted the same claims as the Skolnick Complaint, with the exception of the construction defects. The matter was assigned docket no. HUD-L-6140-07.

On May 6, 2006, the Abramson Plaintiffs filed a first amended complaint, which added a count for violation of the Act. On April 16, 2009, the Abramson Plaintiffs filed a second amended complaint, which asserted claims against the Additional Defendants. See Exhibit B to Certification of Martin Skolnick, Esq. On March 3, 2008, the Skolnick and Abramson matters were consolidated by the Superior Court. On January 12, 2009, Tarragon Corporation filed for bankruptcy protection under Chapter 11. On March 20, 2009, Grand Bank filed a proof of claim against Tarragon based on its cross-claim for common law and statutory indemnification and contribution. On April 29, 2009, this Court denied Plaintiffs' motion to lift the stay.

On June 18, 2009, defendant Richard Rohdie filed a petition for removal pursuant to 28 U.S.C. §1452(a) and Federal Rule of Bankruptcy Procedure 9027 to the Bankruptcy Court, United States District Court for the District of New Jersey. On July 10, 2009, Plaintiffs filed a motion to remand this matter to state court.

{40289282:1}

## LEGAL ARGUMENT

### POINT I

**THIS IS A CORE PROCEEDING BECAUSE PLAINTIFFS' MAKE DIRECT CLAIMS AGAINST THE DEBTOR.**

Plaintiffs claim that this Court does not have jurisdiction over the removed case under 28 U.S.C. §1334 because it is not a core proceeding since the automatic stay under 11 U.S.C. §362 is still in place. However, whether or not the automatic stay is in place has no bearing on determining core proceeding status.

In Halper v. Halper, the Third Circuit adopted a claim-by-claim approach to determine whether a proceeding is core or non-core. See Halper v. Halper, 164 F.3d 830, 836 (3rd Cir. 1999). A court first looks to the illustrative list of "core" proceedings found in 28 U.S.C. §157(b)(2). It must then determine whether the claim (1) invokes a substantive right provided by title 11 or (2) is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. Also relevant is whether the claim arose pre-petition or post-petition; if post-petition, it is more appropriately designated as a core proceeding. See In re Donington, Karcher, Salmond, Ronan & Rainone, PA, 194 B.R. 750, 758-59 (D.N.J. 1996); Beard v. Braunstein, 914 F.2d 434, 444-45 (3rd Cir. 1990); In re Billing, 150 B.R. 563, 565 (D.N.J. 1993). Moreover, the "determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). Here, this matter is a core proceeding because it involves claims for overpayment of PILOT payments made after Tarragon filed for bankruptcy.

Absent from this jurisdictional analysis is the question of whether the automatic stay is or is not in effect. That is because that question is irrelevant to the analysis. An illustrative case is In re Mid-Atlantic Handling Systems, LLC, 304 B.R. 111 (Bkrtcy.N.J. 2003), in which the

{40289282:1}

4

debtor and plaintiff were citizens of the same state. Debtor's co-defendant was from a different state. Plaintiff filed a motion to remand the matter to state court. In opposing the motion, debtor argued that the matter could have been brought originally in federal court under diversity jurisdiction. Debtor argued that because of automatic stay was in effect, its citizenship could be ignored. Therefore, there was complete diversity of citizenship between plaintiff and debtor's co-defendant. Id. at 121. The court summarily dismissed this argument, stating "[n]ot only does counsel for [debtor] fail to provide any legal support for this theory... whether or not the action against [debtor] is stayed is of no moment because the question of whether federal jurisdiction exists is a separate inquiry...." Ibid. Similarly, here the question of whether or not this is a core proceeding is jurisdictional. Moreover, Plaintiffs here also offer no legal support for their contention.

## POINT II

### MANDATORY ABSTENTION IS NOT REQUIRED.

Plaintiffs claim that mandatory abstention is required because all of the elements set forth in 28 U.S.C. §1334(c)(2) are present. Plaintiffs cite In re Donington, Karcher, Salmond, Ronan & Rainone, PA, 194 B.R. 750 (D.N.J. 1996) in support of their argument, and claim that it is dispositive.

According to Donington, §1334(c)(2) establishes six requirements that must be met to invoke mandatory abstention:

1. a timely motion must be made;
2. the proceeding is based upon a state law claim or state law cause of action;
3. the proceeding is related to a case under Title 11;
4. the proceeding does not arise under Title 11;
5. the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. §1334;
6. an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

{40289282:1}

5

Here, the fourth requirement is not met, because this is a core proceeding. Additionally, because the automatic stay remains in place as to the debtor, the sixth requirement is also not met because this matter would not proceed in a timely fashion in state court, because the debtor is the central defendant in the case – it developed, built and sold the condominiums in question, and it is the primary focus of Plaintiffs' claims.

### POINT III

### A PERMISSIVE ABSTENTION REMAND IS NOT WARRANTED.

Plaintiffs claim that resolution of this matter will be unnecessarily delayed if it remains in bankruptcy court and therefore a remand is appropriate under the permissive abstention provisions of 28 U.S.C. §1334(c)(1). However, such a remand is not warranted.

The following factors used to determine whether permissive abstention should apply:

1. the effect on the efficient administration of the bankruptcy estate;
2. the extent to which issues of state law predominate;
3. the difficulty or unsettled nature of the applicable state law;
4. comity;
5. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
6. the existence of the right to a jury trial; and
7. prejudice to the involuntarily removed defendants.

In re Donington, supra, 194 B.R. at 757. Both discretionary abstention and equitable remand under 28 U.S.C. §1452(b) are only appropriate to "a narrow sphere of cases." See Balcor/Morristown LP v. Vector Whippany Assoc., 181 B.R. 781, 793 (D.N.J. 1995). The court should look to the "reality of the controversy, rather than base [a] decision on superficial features that appear to place it in one category or another." Id. at 794. Here, the "reality of the controversy" compels the conclusion that remand is not warranted.

{40289282:1}

6

Examination of the above factors demonstrates that remand is not warranted. Contrary to Plaintiffs' assertion, this case will not have a negative effect on the efficient administration of the bankruptcy estate. More importantly, although issues of state law are dominant, the applicable state law is not difficult or unsettled, a fact which strongly tends to favor retention of the case. See Shared Network Users Group, Inc. v. Worldcom Technologies, Inc., 309 B.R. 446, 451 (E.D. Pa. 2004); See also Blanton v. IMN Financial Corp., 260 B.R. 257, 266 (M.D.N.C. 2001). Comity is not implicated because there are no special state interests at issue. The case is closely related to the main bankruptcy case, as the debtor is a direct defendant. Absent from the list of factors is any consideration of the potential for delay in resolving the matter in question. Thus, whether resolution of this case could potentially be delayed if it is not remanded is irrelevant.

Additionally, there would be substantial prejudice to the involuntarily removed co-defendants if this case were to proceed in state court. Tarragon is the primary defendant in this case – it was the developer, marketer and seller of the condominiums. However, with the stay of discovery still in effect as to Tarragon, the co-defendants cannot fully defend themselves because of their inability to compel discovery from the debtor. See, e.g., Blanton v. IMN Financial Corp., supra., 260 B.R. at 265-66. Finally, although Plaintiffs have requested a jury trial, the outcome of the balancing of the factors compels the conclusion that remand is not warranted.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to remand this matter to state court.

WINDELS MARX LANE & MITTENDORF, LLP

_____
Sandy L. Galacio, Esq. (SG-9883)

Windels Marx Lane & Mittendorf, LLP
120 Albany Street Plaza, 6th Floor
New Brunswick, New Jersey 08901
(732) 846-7600
Attorneys for Grand Bank, N.A.

Dated: July 30, 2008

{40289282:1}

8