**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**AUGUST 13, 2009**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In Re:**<br><br>**TARRAGON CORPORATION,** *et al.***,**<br><br>Debtors. | Case Nos.: 09-10555 (DHS) **(Lead Case)**<br><br>Administratively Consolidated<br><br>Judge: Donald H. Steckroth, U.S.B.J. |
| **MARTIN SKOLNICK, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**TARRAGON CORPORATION, et al.**<br><br>Defendants. | Adv. No.:    09-02012 (DHS) |
| **1200 GRAND STREET CONDOMINIUM ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**TARRAGON CORPORATION, et al.**<br><br>Defendants. | Adv. No.:    09-01465 (DHS) |

**OPINION**

**APPEARANCES:**

Martin P. Skolnick, Esq.
301 Route 17 North, Suite 800
Rutherford, New Jersey 07070
***Counsel to Martin Skolnick, Pro Se and Counsel for Cheryl Abramson, Todd Abramson, Judith Anderson, Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian Finney, Rick Gyan, Sara Ferry, Patrick Healey, Lincoln Hochberg, Robert Holzberg, Michael Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missig, Lori Missig f/k/a Lori Petillo, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor f/k/a Kyla DeMarzio, Harla Seckular, Darren Sikorski, Jordan Silberberg, Justin Silberberg, Manisha Varsani, Steve Warjanka, Lara Warjanka, James Weinberg, and Susan Skolnick***

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice Yudkin, Esq.
Court Plaza North, 25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
***Counsel to Debtors/Defendants Tarragon Corporation, et al.***

Wollmuth Maher & Deutsch LLP
Paul R. DeFilippo, Esq.
George Benaur, Esq.
One Gateway Center, 9th Floor
Newark, New Jersey 07102
***Counsel for Defendants Ursa Development Group, LLC, Michael Sciarra, and Mark Settembre***

Windels Marx Lane & Mittendorf, LLP
Sandy L. Galacio, Jr., Esq.
120 Albany Street Plaza, 6th Floor
New Brunswick, New Jersey 08901
***Counsel for Defendant Grand Bank, N.A.***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion to have the Court abstain from consideration of the matter and remanding the case to the Superior Court of New Jersey, Hudson County, Law Division pursuant to 28 U.S.C. §§ 1447(c) and 1452(b) filed by Martin Skolnick on behalf of himself and Cheryl Abramson, Todd Abramson, Judith Anderson, Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian Finney, Rick Gyan, Sara Ferry, Patrick Healey, Lincoln Hochberg, Robert Holzberg, Michael Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missig, Lori Missig formerly known as Lori Petillo, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor formerly known as Kyla DeMarzio, Harla Seckular, Darren Sikorski, Jordan Silberberg, Justin Silberberg, Manisha Varsani, Steve Warjanka, Lara Warjanka, James Weinberg and Susan Skolnick (collectively hereinafter referred to as "Skolnick" or "Plaintiffs"). Grand Bank, N.A. and the Tarragon Debtors filed opposition to the motion. Ursa Development Group, LLC, Michael Sciarra, and Mark Settembre (collectively hereinafter "Ursa") also filed opposition and a cross-motion for consolidation of this action with *1200 Grand Street Condominium Association v. Tarragon Realty Investors, Inc. et al.*, 09-01465 (DHS) ("Association Action"). Skolnick filed a reply and opposition to the cross-motion.

For the reasons hereafter, the Court hereby denies the Skolnick motion to abstain and remand. In addition, the Court hereby grants the motion for consolidation. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

In September 2007, Martin Skolnick and Susan Skolnick commenced an action in state court against Tarragon Corporation[1], Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, Ursa Development Group, LLC, and Frank Raia. *Aff. of Martin Skolnick ("Skolnick Aff.")*, ¶ 3. The first amended complaint was filed on May 6, 2008 and thereafter on April 16, 2009 a second amended complaint was filed adding the following defendants: William Friedman, Robert Rohdie, Michael Sciarra, Mark Settembre, Gary Lowitt, Todd Schefler, Beth Fisher, Alyssa Rohdie, Tamar Rothenberg, and Jill Kaplan. *Id.* at ¶ 3.

In December 2007, Cheryl Abramson and several other of the Plaintiffs filed a complaint against Tarragon Corporation, Tarragon Realty Investors, Inc., 1200 Grand Street Urban Renewal, LLC, URSA Development Group, LLC, Grand Bank, N.A., Upper Grand Realty, LLC, Frank Raia, David Metzheiser, Michele Russo, and Timothy Maloney in state court. *Id.* at ¶ 4. These plaintiffs are represented by Martin Skolnick. *Id.* at ¶ 1. This complaint was also amended twice on the same dates as above and also joined the same additional defendants as stated above.[2] *Id.* at ¶ 4. On or about March 8, 2008, the two cases were consolidated by the Honorable Alvaro L. Iglesias, J.S.C. *Id.* at ¶ 2.

The Plaintiffs in the instant matter are unit owners in a condominium development in Hoboken, New Jersey. *Ursa Mem. of Law in Opp. To Skolnick Mot. and Cross-Mot. For*

---

[1]Tarragon Corporation ("Tarragon Corp.") is one of the jointly administered debtors before this Court. The jointly-administered Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC, Tarragon Stonecrest, LLC, MSCP, Inc., Tarragon Stratford, Inc. and TDC Hanover Holdings LLC (hereinafter collectively referred to as "Debtors").

[2]All of the defendants listed here are collectively referred to as "Defendants."

*Consolidation ("Ursa Cross-Mot.")*, 2. The Plaintiff in the Association Action represents the common interests of the unit owners and is responsible for the administration and management of the Condominium. *Id.* In these cases, Plaintiffs allege that Defendants falsely advertised significant tax savings in connection with the purchase of condominium units. *Id.* at ¶ 5. They also argue, *inter alia*, violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-21, et seq., and common law fraud. *Id.* In addition, Martin Skolnick and Susan Skolnick also asserted breach of contract and negligent construction claims. *Id.*

On or about February 25, 2009, the state court held a case management conference where the Court determined that discovery would close by August 28, 2009; fact witness depositions would be competed by May 31, 2009; expert witness depositions would be completed by July 31, 2009; Plaintiffs' expert reports' amendments would be served by May 31, 2009; and Defendants' expert reports' amendments would be served by June 30, 2009. *Id*. at ¶ 6. On or about May 19, 2009, Robert Rohdie was served with the complaints. *Id.* at ¶ 7. On or about June 18, 2009, Defendant Robert Rohdie filed its notice of removal to the District Court for the District of New Jersey pursuant to Section 1452(c) of Title 28. The state court indicated that a September 2009 trial date was likely although no date had yet been set. *Debtors' Obj. To Motion of Skolnick to Have Court Abstain,*,¶ 9. At oral argument, counsel indicated that dispositive motions are not currently pending before the state court. Moreover, several of the additional defendants have not yet answered, discovery as to these new defendants has not begun, and expert discovery has not been taken.

By way of background and overview, the Debtors filed its Chapter 11 bankruptcy on January 12, January 13, and February 5, 2009. *Id.* at ¶ 3. An Official Committee of Unsecured Creditors

was appointed on February 4, 2009. *Id.* at ¶ 5. In the Debtors' Chapter 11 case, the Plaintiffs filed a motion for relief from the automatic stay to continue the state court litigation. The Court denied the Plaintiffs' motion on April 29, 2009. *Id.* at ¶ 10. On August 3, 2009, the Debtors filed their Disclosure Statement and proposed Joint Plan of Reorganization. *Id.* at ¶6. The hearing on the adequacy of the Disclosure Statement is currently scheduled for September 10, 2009. *Id.* at ¶6.

In support of the motion, Skolnick argues the following: (i) The Bankruptcy Court does not have subject matter jurisdiction as this is a "garden-variety state law claim between non-debtor parties;" (ii) the Bankruptcy Court should abstain pursuant to Section 1334(c)(2); and (iii) permissive abstention and the equitable principles for remand exist here. In opposition, Ursa maintains that the instant matter is a core proceeding since the proceeding would impact the administration of the estate. Moreover, Ursa argues that the Debtor is an integral and necessary party without which the adjudication of this matter cannot go forward. Significantly, Ursa contends that no discovery has taken place in the Association Action and minimal discovery has taken place in the instant action while it was pending in the state court.

In opposition to the instant motion, Grand Bank, N.A. ("Grand Bank") contends that the action is a core proceeding as the Plaintiffs make direct claims against the Debtor. Additionally, the Plaintiffs have not satisfied the requirements for mandatory abstention and permissive abstention is not warranted.

The Debtors filed opposition arguing that the Plaintiffs' filing of a proof of claim is by its nature a core proceeding and the state court action is the basis of the proof of claim, making mandatory abstention inappropriate. Moreover, modest discovery has taken place and the addition of ten defendants will change the discovery schedule set in the state court. Furthermore, the

7

Debtors' Chapter 11 case is at the Plan and Disclosure Statement stage and allowing this case to proceed in state court will hinder the resolution of the proofs of claim filed by the Plaintiffs.

In reply and in opposition to the motion to consolidate the instant matter with the Association Action, the Plaintiffs argue that there are not common questions of law and fact between the two actions. The Plaintiffs acknowledge that there are a few similar causes of action, but the underlying factual bases differ. The Plaintiffs in the instant matter are not party to the Association Action. Furthermore, the Plaintiffs contend that their further along and closer to trial than the Association Action and consolidation will require the Plaintiffs to repeat the discovery process.

## Discussion

**I.    Remand**

Removal to federal court and remand back to state court are governed by Section 1452 of Title 28.[3] The Court must first determine whether the removal was proper, which requires a jurisdictional analysis pursuant to Section 1334 of Title 28. *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atl. Handling Sys., LLC)*, 304 B.R. 111, 119 (Bankr. D.N.J. 2003) (citation omitted). Section 1334(a) provides federal district courts with "original and

---

[3]28 U.S.C. § 1452 states in relevant part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1291 of this title or by the Supreme Court of the United States under section 1254 of this title.

exclusive jurisdiction of all cases under Title 11," while Section 1334(b) provides "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) & (b); *In re Mid-Atl. Handling Sys.*, 304 B.R. at 119. Section 1334 is made applicable to the bankruptcy court through 28 U.S.C. § 157(a) which allows the district court to refer cases to the bankruptcy court. *Id.* at 119. Furthermore, a Standing Order of Reference was entered by the United States District Court for the District of New Jersey on July 23, 1984. *Id.* at 119 n.9.

As used in Section 1334(b), a proceeding is one "arising under title 11" if the claims asserted in the matter are predicated on a right created or determined by title 11. *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991); *Montague Pipeline Technologies*, 209 B.R. at 299 (citation omitted). A proceeding "arising in" a case under title 11 includes various administrative matters "that are found only in bankruptcy and which do not exist outside of a bankruptcy case." *Id.* (citation omitted). *See* 28 U.S.C. § 157(b)(2). Proceedings "related to" a case under title 11 are generally described as those "non-core" proceedings otherwise related to a case under title 11 and whose outcome could conceivably have an effect on the administration of the bankruptcy estate. *In re The Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1181 (3d Cir. 1996) (stating that an action is related to a bankruptcy case "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate"); *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984); *see* 28 U.S.C. § 157(c)(1). Without analyzing the Court's jurisdiction over the instant matter at length, the Court can safely find that, at the least, the current matters are "related to" the bankruptcy case as they can have a "conceivable" effect on the administration of the estate.

Having determined that the case was properly removed to the District Court and referred to the Bankruptcy Court, the Court must focus on the remand standard. Remand may be for any "equitable ground." *See* 28 U.S.C. § 1452(b). The Third Circuit has determined that equitable "is not to be understood as distinguishing equitable from legal grounds in a traditional sense, but, instead, equitable signals what is reasonable, fair, or appropriate." *Geruschat v. Ernst Young LLP (In re Seven Fields Development Corp.)*, 505 F.3d 237, 245 (3d Cir. 2007) (citing *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 268 (3d Cir. 2002)) (internal quotation marks omitted). The standards for abstention, whether mandatory or permissive[4], are applicable to a remand motion. *See In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 759-60 (D.N.J. 1996). "Once a district court determines that it either must abstain from hearing a removed case pursuant to 1334(c)(2) or should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the suit to proceed in state court. If so, there will be an 'equitable ground' justifying remand under [Section] 1452(b)." *Stoe v. Flaherty*, 436 F.3d 209, 215 (3d Cir. 2006) (citations omitted). The Court will now examine whether

---

[4]Section 1334(c) states:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. § 1334(c)(1) & (2).

mandatory or permissive abstention is warranted here which will impact whether remand is appropriate.

## II.   Abstention

### A.   Mandatory Abstention

Section 1334(c)(1) states:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. § 1334(c)(1) & (2). Mandatory abstention under Section 1334(c)(2) is appropriate where:

> (1) [T]he proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

*Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006); *Street v. End of the Road Trust*, 386 B.R. 539, 547 (D. Del. 2008); *In re Mid-Atl. Handling Sys.*, 304 B.R. at 121.

In the case at bar, the Plaintiffs have demonstrated that the proceeding is based upon state law claims and that the action was commenced in the appropriate state court jurisdiction. The parties

dispute whether the action can be "timely adjudicated" as they state that discovery is at different stages. Given the facts before the Court at this time, the second amended complaint adding ten additional defendants would lead this Court to believe that discovery is not near completion and a trial would not commence in September 2009. Furthermore, the Chapter 11 cases are at the Plan and Disclosure Statement stage and a resolution of the claims which are based upon the state court action is imperative.

Whether the cause of action "arises" under or "arises in" is the crucial question here. It is clear that this cause of action is "related to" the Chapter 11 case as it could have a conceivable effect on the estate particularly since treble damages are sought on these claims. Moreover, this Court has previously held that the filing of a proof of claim transforms a state law cause of action into a core proceeding as the parties dispute will impact the claims allowance process. *See id.* at 123; *see also Tarragon Corp. et al. v. Northland Portfolio, L.P. et al. (In re Tarragon Corp.)*, 2009 WL 2244598, *7 (Bankr. D.N.J. July 27, 2009). Since, claims allowance is clearly a core proceeding under 28 U.S.C. § 157(b)(2)(B), all of the elements of mandatory abstention cannot be met here, thus, the request is hereby denied.

### B. Permissive Abstention

The standard for permissive abstention is a fact-based factor analysis. *See In re Mid-Atl. Handling Sys.*, 304 B.R. at 126 (citing *Balcor/Morristown Ltd. P'ship*, 181 B.R. 781, 793 (D.N.J. 1995)). The factors to be considered are:

> (1) [T]he effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Id.* at 126 (citing *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 760 (D.N.J. 1996)). Furthermore, the Court must look to the "reality of the controversy, rather than base a decision on superficial features that appear to place it in one category or another." *Balcor*, 181 B.R. at 794.

As to the impact on estate administration and relatedness to the main bankruptcy case, it is clear that the adjudication of the proofs of claim filed by the Plaintiffs is necessary before Chapter 11 Plan confirmation. *See Tarragon v. Northland*, 2009 WL 2244598 at *6. Moreover, the Defendants submit that Tarragon is the central defendant here because it is the developer and builder of the condominiums at issue. *See Grand Bank Opp.*, 6. It is also possible that the directors and officers named as Defendants may seek indemnity from the Debtor in connection with these actions. *See Ursa Cross-Mot.*, 10-11. Adjudication by this Court is obviously logical given that the Debtor is the central party.

The Plaintiffs argue that since state law is at issue, the Court should abstain and remand. The Court recognizes that state law issues are at the crux of the case, but they are of a type that are routinely decided by the Bankruptcy Court. Moreover, the filing of proofs of claim converted these matters into core proceedings, which the Bankruptcy Court is required to adjudicate. In addition, the issues raised by the Plaintiffs are not unsettled and are instead the types of contract law actions that this Court decides on a regular basis.

Comity is not of concern here because the state court actions are still in the discovery stages and the addition of ten defendants will require an amendment to the currently slated discovery schedule with a proposed September 2009 trial date. *See Tarragon v. Northland,* 2009 WL 2244598, at *6. As the Debtors point out, depositions will be required of these additional ten defendants as

13

well as fact discovery. Expert discovery has also not been completed. Factor six is inapplicable because the filing of a proof of claim brings a creditor within the equitable jurisdiction of the Bankruptcy Court removing the creditor's right to a jury trial. *See Shubert v. Lucent Techs., Inc.* (*In re Winstar Communications, Inc.*), 554 F.3d 382, 406-07 (3d Cir. 2009) (citing *Langenkamp v. Culp*, 498 U.S. 42, 44-45, 111 S. Ct. 330, 112 L.Ed. 2d 343 (1990) (per curiam)) (other citations omitted).

The Plaintiffs have not met their burden as to the prejudice to the involuntarily removed Defendants. As the Debtors have pointed out, several of these Defendants have filed opposition to the Plaintiffs motion and have demonstrated support for adjudication in this Court. Furthermore, the state court action has been stayed by an Order of this Court as to the Debtors, which is prejudicial to the other Defendants as the Debtors are an indispensable party. The Defendants will require discovery from the Debtors in order to defend themselves. Bifurcation of the case between the Debtors and non-debtors by virtue of the automatic stay will not lead to an expeditious resolution.

The Court finds that permissive abstention is unwarranted in this case. The factor analysis clearly weighs in favor of denying the Plaintiffs motion for abstention.

### C.    Filing of Proof of Claim

"It is axiomatic that filing a proof of claim triggers the claims allowance process under 11 U.S.C. § 501 *et seq.*, which, by its very nature, is a 'core' proceeding that can arise *only* in a title 11 case." *In re Exide Techs.*, 544 F.3d at 214 (citing *Steinman v. Spencer (In re Argus Group 1700)*, 206 B.R. 737, 747-48 (Bankr. E.D. Pa. 1996) ("Debtors' proposition that the filing of a proof of claim in bankruptcy transforms a pre-petition state law claim which was filed in state court before the bankruptcy into a core proceeding is sound.") (emphasis in original). The Plaintiffs argue that state law issues predominate and that these are garden-variety state law claims against non-debtor

parties. However, they fail to address the filing of proofs of claim. Their position is contrary to the law of the Third Circuit and this Court. *See In re Exide Techs.*, 544 F.3d at 214; *In re Mid-Atlantic Handling Systems LLC*, 304 B.R. 111, 123 (Bankr. D.N.J. 2003).

Finally and most importantly, "one of the 'fundamental purposes of the bankruptcy system is to adjudicate and conciliate all competing claims to a debtor's property in one forum.'" *Brundage v. White (In re Brundage)*, 05-2310 & 05-2406, 2005 U.S. Dist. LEXIS 19574, at * 14 (E.D. Pa. Sep. 9, 2005) *aff'd Brundage v. White (In re Brundage)*, 2007 U.S. App. LEXIS 24892 (3d Cir. Oct. 24, 2007) (citations omitted).  *see also McCartney v. Integra Nat'l Bank N.,* 106 F.3d 506, 512 (3d Cir. 1997) ("[B]y centralizing all prebankruptcy civil claims against a debtor in the bankruptcy court, the debtor is granted a 'breathing spell' during which he is relieved of the financial pressures that drove him to bankruptcy.  The centralization of all claims in the bankruptcy court also permits the assets of the debtor's estate to be marshaled for distribution to creditors in an orderly and equitable fashion. . . .Debtors would be forced to expend valuable time, energy and resources defending against state court litigation that could be settled directly in the bankruptcy court.") (internal citations omitted). There are twenty-six proofs of claim filed here based upon the state law causes of action in which treble damages are sought. These may be resolved through the claims allowance process which would provide for a timely adjudication by this Court facilitating the Plan confirmation process.  As previously held, "allowing this Court to control the litigation and its timing is critical to reaching a resolution expeditiously in order to accomodate plan confirmation and satisfaction of creditors' claims." *Northland v. Tarragon*, 2009 WL 2244598, *8.  Based upon the Court's findings that neither mandatory nor permissive abstention is appropriate, the Court will deny the Plaintiffs request for remand.

### III. Ursa's Motion for Consolidation of the Association Action and the Instant Adversary Proceeding

Federal Rule of Civil Procedure 42 provides for the consolidation of actions, as incorporated by Federal Rule of Bankruptcy Procedure 7042. Rule 42 specifically states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters in issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999). Consolidation does not merge the actions into one lawsuit, change the rights of the parties, or make parties in one suit parties in another. *Id.* (citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 497 (1933)). Instead, consolidation provides convenience and economy in administration. *Id.*

Ursa contends that consolidation is appropriate because the instant matter is directly related to the Association Action where the Debtor is also the central defending party. Furthermore, the two actions impact estate administration. *Ursa Cross-Mot.*, 12. The Plaintiffs submit that there not overlapping questions of law and fact as the lawsuits are wholly unrelated. *See Reply*, ¶ 6. Although there are similar causes of action, the underlying facts are diverse according to Plaintiffs. *See id.* Moreover, the individual Plaintiffs in the instant matter are not a party to the Association Action and consolidation may be prejudicial to them as it causes further delay in the adjudication of their complaint which has been pending in the state court since September 2007. *See id.* at ¶ 9.

Although the Plaintiffs submitted written opposition to consolidation, the main concern voiced at oral argument was delay of adjudication because of the need for additional discovery. The Court does not feel that will be a significant factor in delaying resolution of these cases. In addition, the Debtor supports Ursa's request for consolidation of the actions and believes that it may foster a resolution. Thus, for these reasons, the Court will grant Ursa's request for consolidation.

## **Conclusion**

For the foregoing reasons, the Plaintiffs motion for abstention and remand is hereby denied. Ursa's cross-motion for consolidation is also hereby granted.

*/s/ Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: August 13, 2009